

**Peckar & Abraham**
A Professional Corporation · Attorneys & C...

www.pecklaw.com

1325 Avenue of the Americas
10th Floor
New York, NY  10019
tel. 212.382.0909
fax 212.382.3456

New York, NY
Los Angeles, CA
Oakland, CA
Washington, D.C.
Miami, FL
Chicago, IL
Boston, MA
River Edge, NJ
Austin, TX
Dallas, TX
Houston, TX

**International Alliances**

Argentina
Brazil
Canada
Chile
Colombia
El Salvador
England
France
Germany
Guatemala
India
Mexico
Peru
Uruguay

December 15 2023

**VIA ECF**
Hon. Philip M. Halpern
The Hon. Charles L. Brieant Jr. Federal
300 Quarropas St.
White Plains, NY 10601-4150

> Defendant is directed to respond to Plaintiff's December 15, 2023 letter motion (Doc. 14) by December 19, 2023 at 12:00 p.m. The issues set forth in Plaintiff's December 15 letter will be addressed at the pre-motion conference scheduled in this matter for December 20, 2023 at 3:30 p.m.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>         December 18, 2023

**Re**:   Skanska USA Building Inc. v. Regeneron Pharmaceuticals, Inc.
         Docket No.: 7:23-cv-8418 (PMH) (S.D.N.Y)

Dear Judge Halpern:

This firm represents Plaintiff, Skanska USA Building Inc. ("Skanska"), in the matter referenced above. Please accept this correspondence as Skanska's letter motion requesting that the Court issue an order compelling Defendant, Regeneron Inc. ("Regeneron"), to hold a conference pursuant to FRCP 26(f), and to comply promptly with all aspects of Rule 26 including, but not limited to, scheduling and participating in the discovery conference required by the Rule. Regeneron has refused to meet with Skanska as required by FRCP 26(f) to establish a Discovery Plan and to attempt to agree upon a proposed Scheduling Order, in turn delaying Discovery. Although Skanska is ready, willing, and able to proceed with Discovery and establish a timeline for its completion, Regeneron has improperly and without justification refused Skanska's multiple requests to participate in an initial conference. As set forth below, Regeneron's purported justifications for refusing to participate in a conference are unpersuasive and violative of the Rules.

## FACTUAL BACKGROUND

On or about September 22, 2023, Skanska commenced the present action by filing a Complaint. (ECF Doc. 1). On or about September 28, Counsel for Regeneron accepted service of the Complaint by executing a waiver of service (ECF Doc. 7). On




**Peckar & Abramson**
A Professional Corporation • Attorneys & Counselors at Law

December 15 2023
Page 2

or about October 19, after an exchange of letters between the parties pursuant to Individual Practice Rule 2(c), Regeneron filed a letter motion requesting a pre-motion conference. (ECF Doc. 8). Of note, Regeneron's October 19th letter indicates that it will not be seeking to dismiss Count I (Breach of Contract- Additional Services) or Count II (Breach of Contract- Delay and Impact Costs) of Skanska's Complaint. (See id.). On or about October 26, Skanska filed a response to Regeneron's letter opposing its request for a pre-motion conference. (ECF Doc. 9). On or about October 27, Your Honor entered an Order scheduling a pre-motion conference for December 20, 2023. (ECF Doc. 10).

On or about November 27, 2023, Skanska requested that Regeneron provide its availability to conduct a conference pursuant to FRCP 26(f) (hereinafter, "Rule 26 Conference") and provided dates and times of its own availability. (**Exhibit 1**). That same day Regeneron responded that it would provide dates and times of availability for the Rule 26 Conference. (**Exhibit 2**). Despite this initial representation, Regeneron changed its position shortly thereafter.  By email dated November 29, Regeneron asserted that a Rule 26 Conference was premature, arguing that

> [t]*here is a strong likelihood that Regeneron's motion to dismiss will substantially narrow the issues in the case. For example, Regeneron has sought leave to move to dismiss Count V of Skanska's complaint, . . . . Dismissal of this claim would have a significant impact on the scope of discovery, as the remainder of Skanska's claims relate only to the Preconstruction Phase. In addition, as indicated in Regeneron's pre-motion letter, Regeneron intends to assert counterclaims against Skanska. It would be grossly inefficient for the parties to start discovery only for the parties to have to substantially alter the scope of (and in essence, re-do) discovery based on those counterclaims.*

(**Exhibit 3**). On or about December 1, 2023, Regeneron reiterated that it was not inclined to participate in any Discovery planning and signaled its intent to forestall all Discovery, "*In addition,*

**Peckar & Abramson**
A Professional Corporation • Attorneys & Counselors at Law

December 15 2023
Page 3

*the information you seek at the end of your email is something that Skanska can pursue **if and when** the case proceeds to discovery.*" (**Exhibit 4**) (email without attachment) (emphasis added).

## LEGAL ARGUMENT

### Legal Standard

FRCP 26(f) provides, in pertinent part, that "the parties must confer *as soon as practicable*—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." Under FRCP 16(b)(2), the court "must issue the scheduling order as soon as practicable, but unless the judge finds good cause for delay, the judge must issue it within the earlier of 90 days after any defendant has been served with the complaint or 60 days after any defendant has appeared." Rule 2(C) of Your Honor's Individual Practices provides that "[i]f an initial conference has not been scheduled within 2 months after the service of the commencement papers or the filing of the notice of removal, counsel shall send a letter to alert the Court." There are no provisions in Your Honor's Individual Practices or the Rules which provide that Discovery is stayed upon the filing of a pre-answer motion to dismiss, let alone a request for a pre-motion conference. Indeed, it is well-settled that a motion to dismiss does not automatically stay discovery. See In re WRT Energy Sec. Litig., 1996 WL 580930 (S.D.N.Y. Oct. 9, 1996); Spencer Trask Software & Info. Servs., LLC v. Rpost Int'l Ltd., 206 F.R.D. 367 (S.D.N.Y.2002); Brooks v. Macy's, Inc., 2010 WL 5297756 (S.D.N.Y. Dec. 21, 2010); Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd., 297 F.R.D. 69, 72 (S.D.N.Y. 2013); see also, Kaplan v. Lebanese Canadian Bank, SAL, 610 F. Supp. 3d 533, 534 (S.D.N.Y. 2022) (further describing the standard for granting a stay where there has been a motion to dismiss filed).

**Peckar & Abramson**
A Professional Corporation · Attorneys & Counselors at Law

December 15 2023
Page 4

### THE COURT SHOULD SCHEDULE AN INITIAL CONFERENCE AND ENTER AN ORDER COMPELLING REGENERON TO PARTICIPATE IN A RULE 26 CONFERENCE.

The Court should enter an Order scheduling an initial conference and compelling Regeneron to participate in a Rule 26 Conference so that a Discovery timeline can be agreed upon by the parties and this case can progress. There is no basis under the FRCP or Your Honor's Individual Practices to defer the Rule 26 Conference to a later date, and it is in the interest of the parties to move forward with Discovery. Indeed, FRCP 26(f) requires that the parties conduct this conference "as soon as practicable" and Defendants were served with the Complaint approximately 80 days ago. Contrary to Regeneron's position, both the Rule and the related conference are intended to streamline and expedite Discovery for the benefit of the parties and the Court. Similarly, there is no discernible prejudice to Regeneron by meeting with Skanska to plan the timeline and course of Discovery. Regeneron's *potential* motion to *partially* dismiss may or may not narrow the issues, but it is not a justification for stalling Discovery, as appears to be Regeneron's strategy given counsel's "if and when the case proceeds to discovery" email (Exhibit 4).

While Regeneron has refused to participate in a conference or even attempt to discuss the timeline for Discovery, it is apparent that Discovery will be necessary regardless of the disposition of its potential motion. Regeneron admits that any motion to dismiss would only relate to certain causes of action and that even if it were successful, this would only result in the partial dismissal of Skanska's claim and there would be a need for Discovery on Count I (Breach of Contract for Failure to Pay for Additional Services) and Count II (Breach of the Contract for Failure to Pay

# Peckar & Abramson
A Professional Corporation · Attorneys & Counselors at Law

December 15 2023
Page 5

Delay and Impact Costs), as well as any potential Counterclaims by Regeneron. It is unclear whether Regeneron recognizes this reality given its "if and when" email of December 1st.

For these reason, Regeneron's attempts to forestall Discovery should be addressed by the Court as soon as possible and Skanska would be amenable to including a discussion of same at the upcoming pre-motion conference on December 20. Discovery has not been stayed and any motion to dismiss—even if successful—will not dispose of this litigation. Accordingly, Skanska respectfully requests that the Court schedule an initial conference and enter an Order compelling Regeneron to participate in a conference pursuant to FRCP 26(f) in advance of same.

Respectfully submitted,

/s/ Peter E. Moran

PETER E. MORAN, ESQ.
Email: PMoran@pecklaw.com

CC:   Bruce D. Meller, Esq.
      Benjamin J. Hochberg, Esq.
      Skanska USA Building Inc.
      Russell M. Yankwitt, Esq. (*Counsel for Regeneron* via ECF)