

**Peckar & Abramson**
A Professional Corporation • Attorneys & Counselors at Law

www.pecklaw.com

1325 Avenue of the Americas
10th Floor
New York, NY 10019
tel. 212.382.0909
fax 212.382.3456

New York, NY
Los Angeles, CA
Oakland, CA
Washington, D.C.
Miami, FL
Chicago, IL
Boston, MA
River Edge, NJ
Austin, TX
Dallas, TX
Houston, TX

**International Alliances**

Argentina
Brazil
Canada
Chile
Colombia
El Salvador
England
France
Germany
Guatemala
India
Mexico
Peru
Uruguay




January 17, 2025

**VIA ECF**
Hon. Philip M. Halpern
The Hon. Charles L. Brieant Jr. Federal Building and United States Courthouse
300 Quarropas St.
White Plains, NY 10601-4150

Re:   Skanska USA Building Inc. v. Regeneron Pharmaceuticals, Inc.
        Docket No.: 7:23-cv-8418 (PMH) (S.D.N.Y.)

Dear Judge Halpern:

Please accept this joint letter on behalf of Plaintiff, Skanska USA Building Inc. ("Skanska"), and Defendant, Regeneron Pharmaceuticals, Inc. ("Regeneron"), pursuant to Local Rule 37.2 and Rule 4(D) of Your Honor's Individual Practices, regarding the parties' joint request for a pre-motion conference to address current disputes regarding Written Objections to Skanska's S[...]

Objections to Skanska's S[...]

A conference was held o[...]

was attended by Benjamin [...]

Vogel and lasted approxi[...]

**Skanska's Position**

This is the second ti[...]

highly relevant records (S[...]

Documents") and Regeneron's pattern has continued even with respect to the new causes of action added to the suit which have already withstood scrutiny by the Court. In its R&O, Regeneron has asserted improper objections and refused to produce documents (including internal and external communications) that are responsive to

---

[1] See **Exhibit A**.

> Application granted. A conference is scheduled for January 23, 2025 at 12:00 p.m. concerning the matters raised in the parties' joint letter (Doc. 104). The conference will be held in-person in Courtroom 420 of the White Plains courthouse.
>
> The Clerk of Court is respectfully directed to terminate the letter motion pending at Doc. 104.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>             January 17, 2025



Hon. Philip M. Halpern
January 17, 2025
Page 2

the following demands: 1, 2, 3, 13, 17, 18, 19, 53, 58, 59, 60, 62, 65, 67, 69, 70, 72, 73, 75, 77, 78, 79, 80, and 81.[2] Regeneron asserts two incorrect bases for withholding responsive documents; both arguments ignore the claims, defenses, and issues presented in this case since July 29, 2024. First, Regeneron incorrectly argues that the Order of July 3, 2024 (ECF No.44) precludes Discovery related to Suffolk Construction ("Suffolk") and Torcon Inc. ("Torcon") with respect to those claims and counterclaims that were first asserted nearly a month <u>after</u> this Order was entered. Specifically, it seeks to extend the July 3rd Order—which only pertained to Discovery regarding <u>preconstruction</u> activities and claims—to Skanska's claims for breach of the Sitework SOW and tortious interference; Regeneron's counterclaim for breach of the Sitework SOW; and Shawn's Lawns Inc.'s ("SLI") counterclaims for breach of contract and fraud in the inducement were first plead after the Court's Order of July 3rd. This position is misplaced because the July 3rd Order only applied to Discovery regarding activities performed under the Precon SOW, which was the basis for Count I and Count II of Skanska's then-operative pleading. (<u>See</u> ECF Nos. 1, 42, and 44). When the Court issued the July 3rd Order, it could not have considered whether facts regarding Suffolk and Torcon were relevant to Skanska's yet-to-be plead claims for breach of the Sitework SOW or to its claims for wrongful termination or tortious interference. Nor could it consider whether records and documents related to these entities were relevant to the defense of yet-to-be plead counterclaims. As explained to Regeneron's Counsel (<u>see</u> **Exhibit B**), this Discovery is highly relevant for multiple independent reasons. For example:

- **Suffolk possesses facts and information regarding transition and Skanska's claims for tortious interference.** Skanska alleges: 1) a claim for tortious interference against Regeneron for inducing SLI to breach its contract; and 2) a claim against SLI for entering into a new contract at the Project. SLI admits that it entered into a contract with Suffolk for continued

---

[2] A detailed summary of the meet and confer that occurred on January 8th as well as the parties' respective positions is contained in the Email Chain annexed hereto as **Exhibit B.** Regeneron agreed to reconsider its response to Demand No. 76 subject to rewording by Skanska.

Hon. Philip M. Halpern
January 17, 2025
Page 3

- **Suffolk's records are relevant to Skanska's transition off the Project.** Skanska has made multiple allegations regarding the retention of Suffolk being part of the impetus for the transition discussions; that Suffolk was involved in discussions with SLI to perform continued work at the Project; that Suffolk was to take over the construction trailers (which in fact occurred); and that part of the transition agreement between Skanska and Regeneron was for SLI to be permitted to contract directly with Regeneron or Suffolk for continued work. These are material issues in the case.

work at the project. Accordingly, records of the parties' negotiations and Suffolk's engagement of SLI are germane to multiple claims which post-date the July 3rd decision and have nothing to do with the earlier Precon SOW claims.

- **Suffolk's contract and scope of work provide information regarding Regeneron's Counterclaims.** Regeneron's counterclaims involve alleged out of sequence work which required remediation and/or otherwise caused damages, e.g., changed logistics (allegedly misplaced road and soil stockpiles). Regeneron is believed to be paying Suffolk and/or SLI to perform alleged remedial work in connection with both claims. Suffolk's work at the project implicates issues of whether and to what extent remedial work was required and the alleged costs associated with that work which Regeneron is seeking.

- **Torcon performed and/or oversaw certain Sitework at issue in this case.** SLI has made multiple allegations concerning an Environmental Phase 1 Report that was prepared while Torcon was the construction manager for the Project, prior to Skanska's involvement, and allegedly not provided to it. The Report addresses the campuswide site of which SLI's work for Skanska is a subset. The parties' knowledge of the soils underlying Torcon's work (and SLI's work for Torcon) is relevant to these allegations.

Second, Regeneron incorrectly argues that the November 25, 2024 Order—presently the subject of a motion for reconsideration, is a dispositive ruling in Regeneron's favor as to its counterclaims for breach of the Sitework SOW and breach of the Settlement Negotiation Agreement. This interpretation of the Court's ruling is demonstrably incorrect, as the Court expressly allowed Skanska to continue prosecuting its claim for breach of the Sitework SOW and tortious interference. Given these competing claims and each parties' conflicting versions of events surrounding the transition agreement and termination of the Sitework SOW (including SLI's allegations that it was not paid amounts by Regeneron that were part of the transition), Skanska is entitled to Discovery on its claims, Regeneron's Counterclaims, and defenses to SLI's claims. These documents are highly relevant to each.

Note: The first bullet point appears before the continuation paragraph visually, but the paragraph "work at the project..." is actually the continuation of text from the previous page, followed by the bullet list.

Peckar & Abramson
A Professional Corporation · Attorneys & Counselors at Law

Hon. Philip M. Halpern
January 17, 2025
Page 4

**Regeneron's Position**

Skanska's manufactured discovery dispute is simply another dilatory[3] attempt to relitigate decisions of this Court not in its favor and to further overcomplicate the issues in this case.[4] Skanska's dispute relates in large part to two buckets of Skanska's 84 document requests (the "Requests"): (1) documents relating to the work performed by the predecessor and successor construction managers on the Project, Torcon and Suffolk; and (2) documents covered by the Settlement Negotiation Agreement ("SNA"). Contrary to Skanska's contention, Regeneron's responses and objections (the "Responses") to the 24 contested Requests are valid on three bases: Skanska's Requests (1) ignore two controlling decisions of this Court: the July 3, 2024 order on discovery disputes related to Regeneron's responses to Skanska's first set of document requests ("July 3 Order"), ECF No. 44, and the November 25, 2024 order on Regeneron's Motion to Strike ("Motion to Strike Order"), ECF No. 89; (2) seek attorney-client privileged communications; and (3) seek irrelevant documents and information that go beyond the salient issues in this case.

With respect to the Suffolk requests (Requests No. 1, 3, 13, 17, 18, 19, 53, 65, 67, 75, 77-81) and Torcon requests (Requests No. 2, 58, 59), the Court previously denied Skanska's attempt to obtain such documents in its July 3 Order. The Court was clear that "with respect to . . . Torcon

---

[3] This is the second time that Skanska has waited until the eve of a document production deadline to raise issues with Regeneron's written discovery responses. *See* ECF No. 40 at 4. This time, despite Regeneron serving its Responses on October 29, 2024, Skanska did not seek a meet and confer on the Responses until January 6, 2025. Counsel for Skanska has stated that this delay was due to Mr. Hochberg's paternity leave, which we understand started in October, but Mr. Hochberg resumed regular communications with our firm beginning in early November, and Skanska has provided no explanation as to why two months elapsed since that time or why the other attorneys handling this case could not have raised these issues earlier.

[4] Moreover, Skanska raises these issues prematurely, prior to completion of the meet and confer process. During the parties' telephonic meet and confer, Skanska declined to go through each Response for which it claimed an issue or even provide Regeneron with the list of such Responses, but rather addressed Regeneron's objections in a categorical fashion. Thereafter, it emailed Regeneron with a summary of the meet fnd confer and before allowing Regeneron to respond to that email, it sent this letter. Indeed, in a good faith effort to resolve this dispute, at least in part, Regeneron informed Skanska that it would agree to run searches for and produce documents concerning the transition of the construction management services from Skanska to Suffolk. *See* Exhibit C.

and Suffolk, there is not a chance I am going to direct production of those documents. No chance." Tr. of July 3, 2024 Hearing at 23:6-11. Nothing in the case has changed to warrant a departure from the July 3 Order, evidenced by the fact that Skanska's arguments for relevance of these documents are the same as in its first unsuccessful attempt to seek such documents.[5]

Moreover, Skanska ignores that Regeneron has agreed to produce certain documents relating to Suffolk insofar as they relate to Skanska's transition off the Project and Regeneron's counterclaims and damages resulting therefrom, and Torcon documents insofar as they relate to the Phase 1 Report and soil condition on the Project site. Skanska's attempt to seek broader discovery regarding Torcon's and Suffolk's work should be rejected for the same reasons as in the July 3 Order. As to Skanska's claim that any alleged negotiation of a contract between SLI and Suffolk is relevant to Skanska' claim for tortious interference, that is mere speculation, and not directly related to the tortious interference claim, which asserts that Regeneron caused SLI to breach its contract with Skanska by engaging with *Regeneron* (a claim that Regeneron disputes). *See* ECF No. 90 at ¶¶ 283-88. Suffolk plays no part in that claim and thus, any documents relating to Suffolk's relationship with SLI are not germane to the litigation.

The overbreadth and irrelevance of Skanska's Requests is particularly apparent in the Requests for "all contracts" between Regeneron and Suffolk, *see* Request No. 1, "all invoices" submitted by Suffolk for work on the Sitework SOW, *see* Request No. 13, "all payments" made

---

[5] *Compare* ECF No. 40 at 3 (Skanska's failed argument that "[w]hat Regeneron communicated to Suffolk regarding Skanska's work and why Skanska was ceasing its performance (as well as Skanska's claims in the litigation) is highly relevant, particularly given Suffolk's performance of the work and Skanska's involvement in transitioning work to Suffolk. Moreover, it is believed that Regeneron made statements against interest to Suffolk regarding Skanska's performance, why Skanska was leaving the Project, and likely interpreted clauses in Suffolk's contract differently than similar or identical provisions in Skanska's contract.") with *supra* pp. 2-3. Indeed, some of the documents requested are *identical* to those this Court already decided need not be produced in this litigation. For example, Skanska previously unsuccessfully sought Regeneron's contract with Suffolk and related communications. *See* ECF No. 40-1 at Request No. 6, 7 and Exhibit A Request No. 1.

Peckar & Abramson
A Professional Corporation • Attorneys & Counselors at Law

Hon. Philip M. Halpern
January 17, 2025
Page 6

by Regeneron to Suffolk, *see* Request No. 17, and "all communications" between Regeneron and Suffolk concerning a wide range of topics, including "this litigation," *see* Requests No. 77-81.

In addition, Requests No. 69, 70, 72, and 73, all of which relate to the SNA, are barred by this Court's Motion to Strike Order, in which the Court held that communications relating to the Closeout Agreement and the April 16, 2024 meeting were precluded from use in this litigation by the SNA. *See* ECF No. 89 and Transcript of November 25, 2024 Pre-Motion Conference. Just as those communications are barred from use in Skanska's pleading, so too are they protected by the SNA from disclosure in discovery. *See* SNA (communications covered by SNA "not discoverable, admissible as evidence or to otherwise be used . . . in any existing . . . lawsuit[.]")  Most egregiously, Requests No. 72 and 73 seek communications between Regeneron and its outside counsel, Kevin Wallace, concerning the SNA and the Closeout Agreement, which documents are not only barred from disclosure by the SNA, but also clearly protected by the attorney-client privilege and as attorney work product.[6]

---

[6] Finally, Skanska's portion of this joint letter references Regeneron's objections to Request No. 60, which seeks documents beyond that which this Court permitted in the Second Amended Civil Case Discovery Plan and Scheduling Order, *see* ECF No. 69, and Request No. 62, which is patently overbroad. These two Requests were not addressed during the parties' meet and confer and other than listing them by number in this letter, are not addressed herein by Skanska. As such, Regeneron stands by its objections, which this Court should uphold.

Hon. Philip M. Halpern
January 17, 2025
Page 7

Respectfully submitted,


*/s/ Benjamin J. Hochberg*
BENJAMIN J. HOCHBERG, ESQ.
Email: BHochberg@pecklaw.com

CC:   Bruce D. Meller, Esq.
      Peter E. Moran, Esq.
      Jonathan Ohring, Esq. (*Counsel for Regeneron* via ECF)
      Russell M. Yankwitt, Esq. (*Counsel for Regeneron* via ECF)