UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SKANSKA USA BUILDING INC.,

                Plaintiff,

-against-

REGENERON PHARMACEUTICALS, INC.,
and SHAWN'S LAWNS INC.,

                Defendants.

**OPINION & ORDER**

23-CV-08418 (PMH)

PHILIP M. HALPERN, United States District Judge:

Skanska USA Building Inc. ("Skanska" or "Plaintiff") initiated this breach of contract action against Regeneron Pharmaceuticals, Inc. ("Regeneron") on September 22, 2023. (Doc. 1). Plaintiff filed a First Amended Complaint (Doc. 52, "FAC") on July 29, 2024, which added Shawn's Lawns Inc. ("SLI" and together with Regeneron, "Defendants") as a defendant and asserted the following claims for relief: (i) breach of contract (against Regeneron for "Failure To Pay For Additional Services for Preconstruction"); (ii) breach of contract (against Regeneron for "Failure To Pay Delay and Impact Costs for Preconstruction"); (iii) breach of contract (against Regeneron for "Failure To Pay For Sitework"); (iv) breach of contract (against Regeneron for "Wrongful Termination"); (v) tortious interference with a contract (against Regeneron for "Tortious Interference with SLI's Subcontract"); (vi) breach of contract (against SLI); (vii) indemnification (against SLI); and (viii) breach of contract ("hypothetically" against SLI). Thereafter, Regeneron filed an answer to the FAC with counterclaims (Doc. 57) and SLI filed an answer to the FAC with counterclaims and cross-claims. (Doc. 86).

On August 15, 2024, Regeneron filed a pre-motion letter regarding its anticipated motion to strike certain allegations in the FAC. (Doc. 61). Skanska filed a pre-motion letter in opposition

1

to the request. (Doc. 60, "Pl. PMC Ltr."). A telephonic pre-motion conference was held on September 3, 2024, regarding, *inter alia*, Regeneron's anticipated motion to strike. (Doc. 66; Doc. 74). The Court directed the parties to meet and confer regarding the motion and file a joint letter advising the Court whether each of the subject allegations is prohibited from use in this litigation by the parties' settlement agreement. (*Id.*). The parties filed a joint letter on September 17, 2024 (Doc. 75, "Joint Ltr."), and a pre-motion conference was held on November 25, 2024, at which the Court construed Regeneron's pre-motion letter (Doc. 61) as its motion to strike and Skanska's response letter (Doc. 60) as its opposition thereto, and granted Regeneron's motion to strike Paragraphs 195-211 and 304-305 of the FAC (the "Stricken Allegations"). (Doc. 89 (citing *In re Best Payphones, Inc.*, 450 F. App'x 8, 15 (2d Cir. 2011)); Doc. 109, "11/25 Tr."). On December 2, 2024, Plaintiff filed a Second Amended Complaint (Doc. 90, "SAC"), which is identical to the FAC except that it eliminates the Stricken Allegations. Regeneron answered the SAC with counterclaims (Doc. 93), and SLI answered the SAC with counterclaims and cross-claims (Doc. 97).

On December 10, 2024, Skanska filed a motion for reconsideration concerning the Court's November 25, 2024 Order granting Regeneron's motion to strike. (Doc. 94; Doc. 95, "Pl. Br."; Doc. 96).[1] Regeneron filed its opposition to Skanska's motion for reconsideration on December

---

[1] Skanska submitted, in support of its motion for reconsideration, the Declaration of Peter Moran (the "Moran Declaration"), with several exhibits attached thereto. (Doc. 96). Regeneron argues, and Skanska disputes, that submission of the Moran Declaration is an improper attempt to expand the record on this motion. (Def. Br. at 8-9; Reply at 6). The Court also notes that Skanska appends an exhibit to its reply brief. (Doc. 101-1). Pursuant to Local Civil Rule 6.3, "[n]o affidavits shall be filed by any party unless directed by the Court." Skanska did not seek leave from the Court to file a declaration or documents in support of its motion for reconsideration. Accordingly, the Moran Declaration and the accompanying exhibits and the exhibit attached to Skanska's reply brief are stricken and will be disregarded. *See Tescher v. Experian Info. Sols., Inc.*, No. 21-CV-02266, 2023 WL 1797269, at *1 (S.D.N.Y. Feb. 7, 2023); *Ferring B.V. v. Allergan, Inc.*, No. 12-CV-02650, 2013 WL 4082930, at *2 (S.D.N.Y. Aug. 7, 2013) (citing *Sys. Mgmt. Arts, Inc. v. Avesta Technologies, Inc.*, 106 F.Supp.2d 519, 521 (S.D.N.Y. 2000)).

26, 2024 (Doc. 100, "Def. Br."), and the motion was fully submitted upon the filing of Skanska's reply brief on January 2, 2025 (Doc. 101, "Reply").[2]

For the reasons stated herein, Skanska's motion for reconsideration is DENIED.

## **STANDARD OF REVIEW**

A motion for reconsideration "is appropriate where 'the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court.'" *Henderson v. Metro. Bank & Tr. Co.*, 502 F. Supp. 2d 372, 375-76 (S.D.N.Y. 2007) (quoting *In re BDC 56 LLC*, 330 F.3d 111, 123 (2d Cir. 2003)). It is appropriate to grant a motion for reconsideration only if the movant points to "an intervening change in controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Id.* at 376 (quoting *Doe v. New York City Dep't of Social Servs.*, 709 F.2d 782, 789 (2d Cir. 1983)). "Reconsideration . . . is an 'extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources.'" *RST (2005) Inc. v. Research in Motion Ltd.*, 597 F. Supp. 2d 362, 365 (S.D.N.Y. 2009) (quoting *In re Health Mgmt. Sys. Inc. Secs. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000)); *see also Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (noting that the "[t]he standard for granting [a reconsideration] motion is strict . . . ."). Moreover, a motion for reconsideration "may not be used to advance new facts, issues or arguments not previously presented to the Court, nor may it be used as a vehicle for relitigating issues already decided by the Court." *RST (2005) Inc.*, 597 F. Supp. 2d at 365.

---

[2] Citations to the parties' briefing correspond to the pagination generated by ECF.

## ANALYSIS

At the November 25th pre-motion conference, the Court found that the Stricken Allegations are the subject of the Settlement Negotiation Agreement[3] and, therefore, not discoverable, admissible, or usable. (11/25 Tr. at 31:21-25). The Court additionally found that the Stricken Allegations have no bearing on the elements of any claim for relief (*id*. at 31:25-32:1) and cause slight prejudice to Regeneron (*id*. at 32: 4-8). Indeed, the contractual basis for the Court's findings come directly from the words of the fully executed Settlement Negotiation Agreement: "the Parties agree and consent that any discussions and negotiations between them, including without limitation, statements of fact and/or opinion, and/or any oral and written communications exchanged between the Parties or their representatives during or in connection with such [settlement] meetings and in other communications arising out of or relating to such meetings . . . [are not] discoverable, admissible as evidence or to otherwise be used in any existing or subsequent lawsuit, arbitration, or any dispute resolution proceeding." (*See* SNA).

The crux of Skanska's motion for reconsideration is that the Court overlooked the effect that the Stricken Allegations have on claims and defenses in this action other than Skanska's claim for tortious interference—namely, Regeneron's counterclaim for breach of contract (based on a theory of abandonment) and Skanska's affirmative defense to that counterclaim (based on a theory of wrongful termination); Regeneron's counterclaim for breach of the Settlement Negotiation Agreement and Skanska's defense to that counterclaim (based on a theory of fraud); and SLI's counterclaim for nonpayment and Skanska's anticipated defense to that counterclaim. (Pl. Br. at 4-5, 10-12; Reply at 4-5). Skanska further argues that the Court erred in finding that there was prejudice to Regeneron without Regeneron providing evidence of such prejudice. (Pl. Br. at 13).

---

[3] The Settlement Negotiation Agreement is attached as Exhibit B to the parties' joint letter. (Doc. 75-2, "SNA").

Regeneron opposes the motion for reconsideration on the basis that Skanska's arguments do not disturb the Court's determination that the Stricken Allegations are not discoverable, admissible, or usable for any purpose pursuant to the Settlement Negotiation Agreement; and that alone is a sufficient basis to strike the allegations. (Def. Br. at 5, 19). The Court agrees with Regeneron.

Even assuming *arguendo* that, as Skanska contends, the Stricken Allegations are relevant to elements of other claims and defenses in this action and that Regeneron failed to show prejudice, the Stricken Allegations remain not discoverable, admissible, or usable as clearly set forth in the Settlement Negotiation Agreement. Skanska does not identify any "controlling decisions or data that the court overlooked" that would alter the Court's conclusion on the use of these allegations in Skanska's pleading. *Henderson*, 502 F. Supp. 2d at 375-76. Rather, Skanska reasserts arguments regarding the enforceability of the Settlement Negotiation Agreement and its applicability to the Stricken Allegations that were made in its letter submissions prior to the November 25th pre-motion conference. (Pl. Br. at 10 ("Regeneron asserted a counterclaim against Skanska for breach of the [Settlement Negotiation Agreement], which Skanska disputes is enforceable"); *id*. at 11 ("whether the Stricken Allegations are barred by the terms of the [Settlement Negotiation Agreement] or implicate discussions that began before the April 2024 Meeting, [is] an additional inquiry over which the parties have disputes of fact"); Joint Ltr. at 4 ("was the SNA intended to include communications that occurred long after the April Meeting involving completely different subject matter?"); *id*. ("Apart from the [Settlement Negotiation Agreement] not applying to the Disputed Allegations . . . , fraud is always a defense to the enforceability of a written agreement such as the [Settlement Negotiation Agreement].")). The Court, having already considered these arguments and the unambiguous language of the parties' agreement, concluded that that the Settlement Negotiation Agreement is enforceable and bars use of the Stricken Allegations in this

litigation. (11/25 Tr. at 21:18-19, 30:11-31:25). Therefore, even if the Court were to find that the Stricken Allegations are relevant to the claims and defenses in this action and there is no prejudice to Regeneron, its ruling on the motion to strike would not change; use of the Stricken Allegations is prohibited by the Settlement Negotiation Agreement.[4]

    Skanska also argues that the Court erred in ruling on issues of relevance and admissibility without a full record and a full hearing on the matter, including the issue of whether the Stricken Allegations are inadmissible as the subject of the Settlement Negotiation Agreement. (Pl. Br. at 12; 11/25 Tr. at 31:20-25). As set forth in Rule 2.C of the Court's Individual Practices, the Court reserves the discretion to construe the pre-motion letters as the motion itself. As noted in that Rule, this procedure has been upheld by the Second Circuit under appropriate circumstances. *In re Best Payphones, Inc.*, 450 F. App'x at 15; *see also Brown v. New York*, 2022 WL 221343, at *2 (2d Cir. Jan. 26, 2022). The exercise of such discretion is rendered more appropriate by the Individual Rule, which effectively put the parties on notice of this possibility.

    In any event, Skanska fails to identify any information that would have been provided in a full factual record and, if presented to the Court, would have impacted the Court's finding with respect to admissibility. Skanska contends that "[h]ad the Court created a full factual Record, Skanska would have presented evidence that Mr. Wallace was a scrivener and, as such, he was to only write the agreement, not change or negotiate different terms." (Reply at 5 n.3). But this assertion is not material to whether the Stricken Allegations "arise out of or relate to" the April meeting, which was the basis for the Court finding that they are the subject of the Settlement

---

[4] To the extent Skanska disagrees with the Court's ruling on the Stricken Allegations' use, disagreement with the Court's decision is insufficient to warrant reconsideration. *Vista Food Exch., Inc. v. Lawson Foods, LLC*, No. 17-CV-07454, 2020 WL 7364489, at *2 (S.D.N.Y. 2020) ("[G]eneral dissatisfaction with the Court's conclusion or the length of the Court's discussion does not constitute . . . a clear error or prevent manifest injustice meriting reconsideration.").

Negotiation Agreement. (11/25 Tr. at 4:9-10, 10:3-7, 10:21-23, 31:21-24). Skanska also contends that if it had the opportunity for a full briefing it would have provided the Court a copy of Regeneron's Termination Letter that cites to "Skanska's alleged 'bad faith' closeout negotiations, abandonment, repudiation, and obstruction of the transition as bases for termination." (Pl. Br. at 10; Reply at 6). However, that document would not provide any new information to the Court given that Regeneron's allegations of Skanska's "bad faith," abandonment, repudiation, and obstruction of the transition are already part of the record as asserted in Regeneron's counterclaims. (Doc. 57 ¶¶ 93, 95-98). Accordingly, the Court did not err in exercising its discretion to construe the pre-motion letters as the motion itself and rule on the admissibility of the Stricken Allegations.

In sum, the parties had ample opportunity to present their arguments to the Court in their letter submissions and at the November 25th pre-motion conference, the parties did in fact present those arguments, and no new arguments are raised on this reconsideration motion that would change the Court's resolution of the motion to strike.

## CONCLUSION

For the foregoing reasons, the motion for reconsideration is DENIED. The Clerk of Court is respectfully requested to terminate the pending motion sequence (Doc. 94).

Dated: White Plains, New York
      February 7, 2025

SO ORDERED:

_____
Philip M. Halpern
United States District Judge