UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SKANSKA USA BUILDING INC.,

Plaintiff,

-against-

REGENERON PHARMACEUTICALS INC., and
SHAWN'S LAWNS INC.,

Defendants.

**OPINION AND ORDER**

No. 23-CV-8418 (PMH)

PHILIP M. HALPERN, United States District Judge:

Skanska USA Building Inc. ("Skanska" or "Plaintiff") initiated this action against Regeneron Pharmaceuticals, Inc. ("Regeneron") on September 22, 2023. (Doc. 1). Plaintiff filed a First Amended Complaint (Doc. 52, "FAC") on July 29, 2024, which added Shawn's Lawns Inc. ("SLI" and together with Regeneron, "Defendants") as a defendant. On October 7, 2024, SLI filed an answer to the FAC with counterclaims. (Doc. 80). Thereafter, on November 12, 2024, SLI filed an amended answer to the FAC with counterclaims and crossclaims. (Doc. 86).

On December 2, 2024, in accordance with the Court's directive at the November 25, 2024 pre-motion conference, Plaintiff filed a Second Amended Complaint that eliminated certain disputed allegations that were subject of a motion to strike and otherwise did not change. (Doc. 89; Doc. 90, "SAC"). The Court directed Defendants to file an amended answer to the SAC that only eliminated their responses to the stricken allegations. (Doc. 89). On December 20, 2024, SLI filed its amended answer to the SAC that eliminated its responses to the stricken allegations and, based on the parties' exchange of pre-motion letters, eliminated its crossclaim for fraudulent inducement and added a crossclaim for breach of oral agreement. (Doc. 91; Doc. 97, "First Amended Crossclaims"). SLI's extant crossclaims against Regeneron, as of December 20, 2024, are for (1) breach of oral agreement and (2) unjust enrichment. (*Id.*).

Regeneron, in accordance with the briefing schedule set by the Court, moved to dismiss SLI's crossclaims under Federal Rule of Civil Procedure 12(b)(6) on February 11, 2025. (Doc. 119; Doc. 120, "Reg. Br."; Doc. 123, "Ohring Decl."). On February 18, 2025, SLI opposed the motion to dismiss (Doc. 122, "Steinvurzel Decl."; Doc. 124; Doc. 125, "SLI Br.") and filed, without leave of the Court, a cross-motion[1] for leave to amend its answer to the SAC with counterclaims and crossclaims pursuant to Federal Rule of Civil Procedure 15. (Doc. 118, "Second Amended Crossclaims"; Doc. 121). Regeneron, on February 25, 2025, filed its reply brief in support of its motion to dismiss and in opposition to SLI's cross-motion for leave to amend. (Doc. 126, "Reply").[2]

For the reasons set forth below, SLI's cross-motion for leave to amend its answer with counterclaims and crossclaims is GRANTED. Regeneron's motion to dismiss SLI's crossclaims is GRANTED in part and DENIED in part.

## **BACKGROUND**

The Court assumes the parties' familiarity with the procedural posture and factual allegations as laid out in its prior orders. (*See, e.g.*, Docs. 42, 117).

In March 2022, Regeneron and Skanska entered into a contract regarding new construction at Regeneron's campus in Tarrytown, New York (the "Project"). (Second Amended Crossclaims ¶¶ 2, 7). Skanska thereafter hired SLI to work on the Project under three separate subcontracts. (*Id.*

---

[1] SLI failed to first request a pre-motion conference pursuant to Rules 2(C) and 4(C) of this Court's Individual Practices. Despite this procedural deficiency, the Court will, in the interest of judicial efficiency, consider SLI's cross-motion for leave to amend its answer with counterclaims and crossclaims.

[2] Citations to the parties' filings correspond to the pagination generated by ECF.

¶¶ 1, 31). SLI alleges that roughly $5,000,000 in retainage is presently being withheld by Regeneron in connection with these subcontracts. (*Id*. ¶ 46).

By January 2024, Regeneron and Skanska began negotiating a closeout of Skanska's work on the Project, including a transfer of SLI's work from Skanska to the incoming construction manager, Suffolk Construction ("Suffolk"). (*Id*. ¶ 48). SLI alleges that Regeneron, in anticipation Skanska's termination, sought from SLI a proposal for its continued work on the Project "directly under Regeneron." (*Id*. ¶ 78). SLI provided Regeneron a written proposal for such work on April 12, 2024, and negotiated the proposal "with both parties understanding that if Regeneron did not pay SLI the retainage that SLI would not perform further work." (*Id*. ¶ 79). SLI's final proposal to Regeneron was dated April 30, 2024. (*Id*. ¶ 80). Regeneron never countersigned the proposal. (*Id*. ¶ 82). SLI alleges, however, that Regeneron "agreed" that SLI would be paid $437,402 for the work outlined in the April 30 proposal (the "Additional Work") and that SLI would be paid the retainage, and that Regeneron directed SLI to perform the Additional Work. (*Id*. ¶¶ 81-82). Accordingly, SLI alleges that an oral agreement existed for Regeneron's payment "of the retainage and of the $437,402" in exchange for SLI's performance of the Additional Work. (*Id*. ¶¶ 83, 87).

SLI performed the Additional Work. (*Id*. ¶ 84). Months later, Regeneron instructed Suffolk to add the Additional Work into the contract between Suffolk and SLI. (*Id*. ¶ 85). Suffolk did so and thereafter paid $437,402 to SLI. (*Id*.). Regeneron still has not paid SLI the retainage and, therefore, has allegedly breached the oral agreement. (*Id*. ¶ 86).

This litigation followed.

## STANDARD OF REVIEW

On a Rule 12(b)(6) motion, a court may dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a

3

complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).[3] A claim is plausible on its face "when the ple[d] factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant acted unlawfully." *Id.* The factual allegations pled "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"When there are well-ple[d] factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679. Thus, the court must "take all well-ple[d] factual allegations as true, and all reasonable inferences are drawn and viewed in a light most favorable to the plaintiff[]." *Leeds v. Meltz*, 85 F.3d 51, 53 (2d Cir. 1996). The presumption of truth, however, "'is inapplicable to legal conclusions,' and '[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.'" *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678 (alteration in original)). Therefore, a plaintiff must provide "more than labels and conclusions" to show entitlement to relief. *Twombly*, 550 U.S. at 555.

## ANALYSIS

### I.    Motion for Leave to Amend

SLI argues that it was permitted to amend its pleading as of right under Rule 15(a)(1)(B) and, even if not, the Court should grant SLI leave to amend pursuant to Rule 15(a)(2). (SLI Br. at

---

[3] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

6-8). Regeneron argues that SLI was not entitled to amend as of right and that the Second Amended Crossclaims, which were filed without permission of the Court or Regeneron's consent, should be stricken as violative of Rule 15. (Reply at 7-9).

Rule 15 of the Federal Rules of Civil Procedure provides that a "party may amend its pleading once as a matter of course" within "21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed. R. Civ. P. 15(a)(1)(B). Otherwise, amendment requires "the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave should be 'freely given' '[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the party of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment.'" *Iglesias v. HRA Pharma Am., Inc.*, No. 22-CV-08398, 2023 WL 5277424, at *1 (S.D.N.Y. Aug. 16, 2023) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The decision to grant or deny leave to amend lies within the sound discretion of the district court." *Id*.

Here, SLI used its one amendment as of right under Rule 15(a) when it filed the First Amended Crossclaims, which revised its crossclaims beyond the scope of the Court's November 25, 2024 Order—namely, removing the claim for fraudulent inducement and adding a claim for breach of oral agreement. (Doc. 86; Doc. 97; Doc. 109 at 32:22-33:10; Reply at 7-8). Accordingly, leave of the Court is required to amend again.

SLI argues that it should be granted leave to amend because its Second Amended Crossclaims "simply clarified" the allegations "by detailing the agreements between Regeneron and SLI" in response to the anticipated motion to dismiss. (SLI Br. at 7). SLI maintains that it

5

communicated this clarification in its pre-motion letter to the Court and that Regeneron was on notice of SLI's claims against it. (*Id*. (citing Doc. 112); *see also* Steinvurzel Decl. ¶¶ 4-5). Regeneron responds that SLI "chose to stand on its pleading." (Reply at 9 n.2). The Court notes that SLI has had multiple opportunities to amend its pleading over the course of this litigation and, specifically, in connection with the pre-motion procedure for this motion. (*See* Individual Practice Rule 4(C) (providing opportunity for plaintiffs to seek leave to amend after letter-exchange)). SLI failed to take advantage of those opportunities and only sought leave to amend after Regeneron had briefed its motion to dismiss.

However, considering Rule 15(a)(2)'s liberal standard, the Court grants SLI leave to amend. Regeneron's reply brief addresses the allegations underlying the Second Amended Crossclaims, so SLI's request will not cause undue delay in deciding the instant motion. (Reply at 5 ("In the event the Court is inclined to consider the unauthorized Second Amended Crossclaims as SLI's operative pleading, the result is the same: the Second Amended Crossclaims suffer from the same fatal flaws as its predecessor and should likewise suffer the same fate—dismissal with prejudice.")). Moreover, the prejudice to Regeneron is minimal given that the revised pleading asserts the same two crossclaims and does not significantly alter the scope of the case. Finally, despite its procedural errors, the Court does not find that SLI acted with "bad faith or dilatory motive." *Iglesias*, 2023 WL 5277424, at *1. Accordingly, SLI's cross-motion for leave to amend is granted and the Court considers the Second Amended Crossclaims as subject of the motion to dismiss.

II.    Motion to Dismiss

SLI asserts crossclaims against Regeneron for breach of oral agreement (Second Amended Crossclaims ¶¶ 73-87) and unjust enrichment (*id*. ¶¶ 95-104), maintaining that "Regeneron has

either been unjustly enriched or breached an oral agreement" (SLI Br. at 14). Regeneron seeks dismissal of both crossclaims. (Reply at 5).

      a.  <u>First Crossclaim: Breach of Oral Agreement</u>

SLI's First Crossclaim is for breach of oral agreement based on Regeneron's failure to pay SLI the retainage. (Second Amended Crossclaims ¶¶ 86-87).

"Under New York law, a breach of contract claim requires (1) the existence of an agreement, (2) adequate performance of the contract by the plaintiff, (3) breach of the contract by the defendant, and (4) damages." *Ohr Somayach/Joseph Tanenbaum Educ. Ctr. v. Farleigh Int'l Ltd.*, 483 F. Supp. 3d 195, 209 (S.D.N.Y. 2020) (quoting *Sackin v. TransPerfect Glob., Inc.*, 278 F. Supp. 3d 739, 750 (S.D.N.Y. 2017)). Regeneron argues that SLI has failed to allege an "agreement." (Reg. Br. at 17; Reply at 14-15). Regeneron further argues that even if an agreement existed, SLI was compensated for the work performed and any purported agreement to release the retainage violates the Statute of Frauds. (Reg. Br. at 17; Reply at 13-14).

SLI has, at this stage, alleged the existence of an oral agreement. An enforceable contract requires "offer, acceptance, and consideration." *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 432 (2d Cir. 2012). Here, SLI alleges that it offered to perform the Additional Work in exchange for payment of $437,402 and the retainage (Second Amended Crossclaims ¶¶ 79-80, 83); that Regeneron "agreed" to pay that amount plus the retainage (*id.* ¶ 81); and that Regeneron directed SLI to perform the Additional Work (*id.* ¶ 82). These allegations are sufficient at this stage to "nudge" SLI's oral contract claim "across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570. SLI further alleges that it performed the Additional Work, that it was later paid the $437,402, but that Regeneron has still not paid it the retainage. (*Id.* ¶¶ 84-86). SLI has therefore pled a claim for breach of contract.

Regeneron nevertheless argues that the oral contract is barred by the Statute of Frauds because the retainage is owed by Skanska and, accordingly, Regeneron's alleged promise to pay the retainage constitutes an agreement to answer for the debt of another. (Reg. Br. at 17; Reply at 6). "Consideration of the Statute of Frauds as an affirmative defense is appropriate on a motion to dismiss." *Zeising v. Kelly*, 152 F. Supp. 2d 335, 343 (S.D.N.Y. 2001). Under New York law, "[e]very agreement, promise or undertaking is void, unless it or some note or memorandum thereof be in writing, and subscribed by the party to be charged therewith, or by his lawful agent, if such agreement, promise or undertaking . . . [i]s a special promise to answer for the debt, default or miscarriage of another person." N.Y. Gen. Oblig. Law § 5-701(a)(2); *see Scuderi v. Springer*, No. 03-CV-02098, 2004 WL 2711048, at *1 (S.D.N.Y. Nov. 29, 2004) ("Under New York law, a promise to answer for the debt of another must be in writing in order to be enforceable.").

"In order to enforce an oral promise to answer for another's debt, therefore, the promisee must prove that the oral contract 'is supported by a new consideration moving to the promisor and beneficial to him and that the promisor has become in the intention of the parties a principal debtor primarily liable.'" *Rosenman & Colin LLP v. Sandler*, No. 01-CV-07123, 2002 WL 83657, at *4 (S.D.N.Y. Jan. 18, 2002); *see also Scuderi*, 2004 WL 2711048, at *1 ("[The promise] operates in effect as a guarantee to answer for the contractual obligation of [another]. Because there was no writing, this Court can only enforce it if it (1) represents an independent duty of payment by the defendants, irrespective of the liability of the principal debtor and (2) is based upon new consideration 'which moves the promisor and is beneficial to him.'").

Here, the August 16, 2022 subcontract between SLI and Skanska (the "Subcontract")[4] provides that Skanska would withhold a retainage of 10% with respect to each payment to SLI. (Ohring Decl., Ex. 1 at § 4.2.2). The Subcontract further provides that in the case of termination for convenience, the termination payment to SLI shall include retainage held by Skanska at the date of termination. (*Id*. at § 12.4). Thus, Skanska—not Regeneron—owed the retainage to SLI pursuant to the Subcontract. SLI nevertheless argues that Regeneron "agreed to assume primary responsibility for payment of . . . the retainage, not merely guaranteeing payment of Skanska's alleged debt," in exchange for SLI's continued work on the Project. (SLI Br. at 10-11). Accepting SLI's allegations as true, as the Court must at this stage, Regeneron's agreement to pay the retainage in exchange for SLI's performance of the Additional Work is sufficient to establish that Regeneron's promise was supported by new consideration that is beneficial to Regeneron. (Second Amended Crossclaims ¶¶ 81, 83). The oral agreement, as alleged, is not subject to the Statute of Frauds. Regeneron may raise the Statute of Frauds defense at a later stage of proceedings if these allegations are not borne out in discovery.

---

[4] On a motion to dismiss made pursuant to Rule 12(b)(6), "the Court is entitled to consider facts alleged in the complaint and documents attached to it or incorporated in it by reference, documents 'integral' to the complaint and relied upon in it, and facts of which judicial notice may properly be taken under Rule 201 of the Federal Rules of Evidence." *Heckman v. Town of Hempstead*, 568 F. App'x 41, 43 (2d Cir. 2014); *Manley v. Utzinger*, No. 10-CV-02210, 2011 WL 2947008, at *1 n.1 (S.D.N.Y. July 21, 2011) ("The Court may consider documents incorporated into the complaint by reference, and documents possessed by or known to the plaintiff and upon which plaintiff relied in bringing the suit."). Even if a document is not incorporated into the complaint by reference, the Court may consider it "where the complaint 'relies heavily upon its terms and effect,' thereby rendering the document 'integral' to the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010) (quoting *Mangiafico v. Blumenthal*, 471 F.3d 391, 398 (2d Cir. 2006)); *see also Schafer v. Direct Energy Servs., LLC*, 845 F. App'x 81, 82 (2d Cir. 2021) ("Where an extrinsic document is not incorporated by reference, the district court may nevertheless consider it if the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint."). Here, the Court can and does consider the Subcontract, attached as Exhibit 1 to the Ohring Declaration, which is referred to in, and integral to, SLI's answer with counterclaims and crossclaims. (Second Amended Crossclaims ¶¶ 31, 34, 39, 44-45, 65, 67-68).

Accordingly, Regeneron's motion to dismiss the First Crossclaim is denied.

    b.  <u>Second Crossclaim: Unjust Enrichment</u>

SLI asserts a Second Crossclaim for unjust enrichment, premised on Regeneron's failure to pay SLI for its services that were not part of any written contractual agreements. (*Id*. ¶¶ 99, 102-103).

"To state a claim for unjust enrichment under New York law, a plaintiff must allege that '(1) the defendant was enriched, (2) at the expense of the plaintiff, and (3) . . . it would be inequitable to permit the defendant to retain that which is claimed by the plaintiff.'" *Koenig v. Boulder Brands, Inc.*, 995 F. Supp. 2d 274, 290 (S.D.N.Y. 2014) (quoting *Baron v. Pfizer, Inc.*, 840 N.Y.S.2d 445, 448 (App. Div. 2007)). SLI specifies that its claim for unjust enrichment is premised on Regeneron's failure to pay the retainage in connection with the Additional Work, which was outside the scope of work identified in the Subcontract. (Reg. Br. at 11-12).

Regeneron argues that SLI, as a subcontractor, is barred from recovering against it, a property owner. (Reply at 11-12 (citing *Sybelle Carpet & Linoleum of Southampton v. E. End Collaborative, Inc.*, 562 N.Y.S.2d 205 (App. Div. 1990)). SLI contends that it falls under an exception to the rule, that "a subcontractor may recover from a landowner . . ., even when a separate contract exists between the subcontractor and general contractor, if the owner has agreed to pay the general contractor's debt or if the circumstances surrounding the parties' dealings can be found to have given rise to an obligation to pay." *U.S. E. Telecommunications, Inc. v. US W. Commc'ns Servs.*, *Inc.*, 38 F.3d 1289, 1298 (2d Cir. 1994). (SLI Br. at 12-13). Even assuming *arguendo* that the stated exception applies, SLI has failed to allege a claim for unjust enrichment.

Regeneron argues that the unjust enrichment claim fails because SLI was paid the $437,402 and so "there is nothing inequitable to remedy." (Reply at 11-12). "The essence of [an unjust

10

enrichment] claim is that one party has received money or a benefit at the expense of another." *Kaye v. Grossman*, 202 F.3d 611, 616 (2d Cir. 2000). Here, SLI alleges that Regeneron received the benefits of SLI's Additional Work "without payment to SLI." (Second Amended Crossclaims ¶¶ 99, 102). But SLI alleges that it was paid $437,402 for the Additional Work. (*Id*. ¶ 81). Thus, contrary to its allegation underlying the Second Crossclaim, SLI did in fact receive payment for the Additional Work. That Regeneron allegedly failed to comply with its additional agreement to pay the retainage does not change the fact that SLI received payment for the Additional Work. The Court finds no basis on which to conclude that Regeneron received the benefit of the Additional Work at the expense of SLI.

Accordingly, Regeneron's motion to dismiss the Second Crossclaim is granted.

## <u>CONCLUSION</u>

Based upon the foregoing, SLI's cross-motion for leave to amend is GRANTED. Regeneron's motion to dismiss the crossclaims is DENIED as to the First Crossclaim and GRANTED as to the Second Crossclaim.

The Clerk of Court is respectfully directed to terminate the motion sequences pending at Docs. 119 and 121.

**SO ORDERED:**

Dated: White Plains, New York
        April 3, 2025

_____
Philip M. Halpern
United States District Judge

11