

May 1, 2025

**By ECF**

Honorable Philip M. Halpern
United States District Judge
The Hon. Charles L. Brieant Jr. Federal Building
300 Quarropas St., Courtroom 502
White Plains, New York 10601

> Application granted. The unredacted document (Doc. 154) shall remain under seal, and the redacted document shall remain the publicly-filed version (Doc. 153)
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated: White Plains, New York
>      May 2, 2025

      Re:    *Skanska USA Building Inc. v. Regeneron Pharmaceuticals, Inc., et al.*, No. 7:23-cv-8418 (PMH) (S.D.N.Y.)

Dear Judge Halpern:

      We represent Regeneron Pharmaceuticals, Inc. ("Regeneron") in the above-captioned action and write pursuant to Rule 5(B) of the Court's Individual Practices in Civil Cases and the Court's standing order, 19-mc-00583, and ECF Rules & Instructions, sections 6 and 21, to respectfully request the Court's permission to file under seal Exhibits 2 and 3 to Skanska's anticipated letter motion for a Rule 37.2 conference regarding Skanska's request for certain human resources complaints against a Regeneron witness, as well to file a redacted version of such letter on the public docket redacting summaries of and excerpts from Exhibit 3.

      Under Second Circuit precedent, in determining whether to allow a filing under seal, courts weigh the "common law presumption of access" to judicial documents against "countervailing factors" like the privacy interests of the parties. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119–20 (2d Cir. 2006). Of note, "[t]he presumption of public access in filings submitted in connection with discovery disputes . . . is generally somewhat lower than the presumption applied to material introduced at trial, or in connection with dispositive motions such as motions for dismissal or summary judgment." *Fairstein v. Netflix Inc.*, 2024 WL 2326741, at *3 (S.D.N.Y. May 21, 2024) (quoting *Brown v. Maxwell*, 929 F.3d 41, 50 (2d Cir. 2019)). Accordingly, the

presumption of public access can be rebutted where the information sought to be filed under seal contains "potential to invade [] privacy and impair [] personal reputations", particularly of non-party employees. *Kelly v. City of New York*, No. 01 CIV. 8906 (AGSDF), 2003 WL 548400, at *5, 6 (S.D.N.Y. Feb. 24, 2003).

Here, Exhibit 3 and its contents, which pertains to internal human resources issues involving non-party Regeneron employees, and Exhibit 2, which contains deposition testimony about the same, warrant sealing. Because this document is being filed in connection with a discovery dispute, public interest in this document is "lower," and any interest in public access is outweighed by the potential for embarrassment or harm to the non-parties by disclosure. Exhibit 3 contains information that carries with it "a stigma and the potential for embarrassment" and "allegations and investigations which have not ripened into employment actions" that outweighs any public interest in such documents. *Flaherty v. Seroussi*, 209 F.R.D. 300, 304 (N.D.N.Y. 2002); *see also Duling v. Gristede's Operating Corp.*, 266 F.R.D. 66, 74-75 (S.D.N.Y. 2010) ("courts have generally characterized personnel files as confidential and found it appropriate to enter protective orders governing their use in litigation because of the inherent potential for harm or embarrassment if the information they contain is revealed."). Therefore, Regeneron seeks permission to file Exhibits 2 and 3 under seal and a redacted version of the letter containing quotes and summaries from Exhibit 3 and references to Exhibit 2 on the public docket.

We thank the Court for its consideration.

Respectfully submitted,

YANKWITT LLP

By: _____
Russell M. Yankwitt
Jonathan Ohring

Hon. Philip M. Halpern
May 1, 2025
Page 3 of 3



                                                        Cassandra M. Vogel

Cc:    Bruce Meller, Esq. (*counsel for Skanska* via ECF)
         Peter Moran, Esq. (*counsel for Skanska* via ECF)
         Benjamin Hochberg, Esq. (*counsel for Skanska* via ECF)
         Ronald Steinvurzel, Esq. (*counsel for SLI* via ECF)

Case 7:23-cv-08418-PMH     Document 150     Filed 05/02/25     Page 3 of 3

Hon. Philip M. Halpern
May 1, 2025
Page 3 of 3